IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


SARAH ANDERSON,                                 08-CV-253-BR

       Plaintiff,

                                           OPINION AND ORDER

v.

KAZ, INCORPORATED; KAZ, INC.;
KAZ USA, INC.; RITE AID
HDQTRS. CORP.; and THRIFTY
PAYLESS, INC. dba RITE AID OF
OREGON,

       Defendants.


**JANE PAULSON**
Paulson Coletti Trial Attorneys PC
1000 S.W. Broadway
Suite 1660
Portland, OR 97205
(503) 226-6361

       Attorneys for Plaintiff


1 - OPINION AND ORDER

**ROBERT E BARTON**
**ROBERT E. SABIDO**
Cosgrave Vergeer Kester, LLP
805 S.W. Broadway
Eighth Floor
Portland, OR 97205
(503) 323-9000

      Attorneys for Defendants

**BROWN, Judge.**

      This matter comes before the Court on Plaintiff's Motion to Remand (#15).  For the reasons that follow, the Court **GRANTS** Plaintiff's Motion.

## BACKGROUND

      On January 17, 2008, Plaintiff Sarah Anderson filed a complaint in Multnomah County Circuit Court against Defendants Kaz, Incorporated, and Rite Aid HDQTRS. Corp. in which she alleged she suffered personal injuries as a result of a defective heating pad manufactured by Kaz, Incorporated, and sold by Rite Aid.

      On January 29, 2008, Plaintiff served Rite Aid and Kaz, Incorporated.

      On February 4, 2008, Plaintiff filed a first amended complaint and added Kaz, Inc., and Kaz USA, Inc., as defendants in the state-court action.  On February 4, 2008, Plaintiff served Kaz, Incorporated, with the first amended complaint and summons.

2 - OPINION AND ORDER

Also on February 4, 2008, Plaintiff served Kaz, Inc., with the first amended complaint and summons at the office of Kaz, Inc.'s registered agent. On February 5, 2008, Plaintiff served Kaz USA, Inc., with the first amended complaint and summons at the office of Kaz USA, Inc.'s registered agent.

On February 28, 2008, Rite Aid filed a notice of removal in this Court and asserted this Court has original jurisdiction over the matter based on the diversity of the parties' citizenship pursuant to 28 U.S.C. § 1332.

On February 29, 2008, Kaz, Incorporated, filed its Consent to Removal. Also on February 29, 2008, Plaintiff filed a Second Amended Complaint in which she added Defendant Thrifty Payless, Inc. On March 3, 2008, Plaintiff served Thrifty Payless with the Second Amended Complaint and Summons.

On March 31, 2008, Plaintiff filed a Motion to Remand this matter to state court on the grounds that (1) the matter was removed without the consent of all Defendants as required by 28 U.S.C. § 1441(a) and (2) Defendants' consent to removal was not timely under 28 U.S.C. § 1446.

## **STANDARDS**

28 U.S.C. § 1446(a) provides in pertinent part: "A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the

3 - OPINION AND ORDER

district court of the United States for the district and division within which such action is pending a notice of removal."  28 U.S.C. § 1446(b) provides in pertinent part:  "The notice of removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

A motion to remand is the proper procedure for challenging removal.  *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).  *See also Prize Frieze, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *overruled on other grounds by Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006).  The party seeking removal bears the burden of establishing by a preponderance of the evidence that all removal requirements are met.  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).  *See also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

## DISCUSSION

Plaintiff contends removal of this matter was improper because all Defendants did not consent to removal at the time the

4 - OPINION AND ORDER

matter was removed and Defendants' consent to removal was untimely.  Defendants contend Plaintiff waived her right to seek a remand.

**I.    Plaintiff did not waive her right to remand.**

Procedural defects when removing an action do not affect the Court's subject-matter jurisdiction and, therefore, may be waived.  *Vasquez v. North County Transit Dist.*, 292 F.3d 1049, 1060 n.5 (9th Cir. 2002).  *See also Riggs,* 233 F. Supp. 2d at 1271.  "A party that 'engages in affirmative activity in federal court typically waives the right to seek a remand.'"  *Riggs*, 233 F. Supp. 2d. at 1271.

> The type of post-removal conduct that has been
> held to constitute waiver of the right to remand
> is affirmative conduct or unequivocal assent of a
> sort which would render it offensive to
> fundamental principles of fairness to remand.
> However, the exact quantity or quality of conduct
> on Plaintiffs' part which would evidence waiver of
> the Petition's defect or consent to removal is
> less than clear.  Furthermore, the district court
> has broad discretion in deciding whether a
> plaintiff has waived a right to object to
> procedural irregularities in removal proceedings.

*Alarcon v. Shim Inc.*, No. C 07-02894 SI, 2007 WL 2701930, at *2 (N.D. Cal. Sept. 13, 2007).

Defendants contend Plaintiff waived her right to seek a remand because she served a request for production of documents on Defendants on April 4, 2008, which was over a month after Defendants filed their Notice of Removal.  According to Defendants, Plaintiff's request for production constitutes

5 - OPINION AND ORDER

affirmative activity in federal court, which establishes Plaintiff "acquiesced in this [C]ourt's jurisdiction." Defendants rely on *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422 (5th Cir. 1990), and *Riggs* to support their contention.

In *Riggs*, the Court concluded the plaintiff had waived her right to remand because she had filed a motion for entry of default, a motion for default judgment, a supportive memorandum, a declaration of counsel, and a copy of the certificate of service on the defendant. 233 F. Supp. 2d at 1272. The Court found even though the plaintiff's materials were "not extensive," they "demonstrate that plaintiff expected the court to seriously consider her motion and award her a favorable result." *Id*.

In *Johnson*, the plaintiff filed an action in state court and defendant Helmerich & Payne removed the matter to federal court on July 22, 1987, without joining defendant Arco in the removal petition. 892 F.2d at 423. The parties attended a pretrial status conference and began discovery during which the plaintiffs propounded interrogatories and requested the production of documents. *Id*. The plaintiff filed a motion to remand on November 10, 1987, which the district court denied as untimely because it was filed more than thirty days after the matter was removed. *Id*. The Fifth Circuit also concluded the plaintiff's motion was untimely and, in any event, the plaintiff had waived his right to challenge the removal because he had engaged in

6 - OPINION AND ORDER

significant discovery.  *Id*.

Here, unlike the plaintiffs in *Riggs*, Plaintiff did not file any motions or materials other than the Motion to Remand that suggest she "expected the court to seriously consider her motion and award her a favorable result."  In addition, although Plaintiff requested the production of documents from Defendants, she did not attend any proceedings and her Motion to Remand was timely filed.

The Court finds on this record that the Plaintiff's request for production of documents is not sufficient activity in federal court to constitute a waiver of her right to seek remand.  As noted, Plaintiff did not file any motions with the Court other than the Motion to Remand nor did Plaintiff wait until other matters were unsuccessfully adjudicated before moving to remand.

Accordingly, the Court concludes Plaintiff did not waive her right to seek remand of this matter.

## II.  Consent of Defendants

In actions in which there is more than one defendant, all defendants must consent to removal.  *Embury v. King*, 361 F.3d 562, n.1 (9th Cir. 2004).  This "unanimity rule" does not apply to "nominal, unknown or fraudulently joined parties."  *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002)(quoting *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988)).  In addition, unserved defendants need not

7 - OPINION AND ORDER

consent to removal. *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).

Here Plaintiff had served Rite Aid; Kaz, Incorporated; Kaz, Inc.; and Kaz USA, Inc., before Rite Aid filed its Notice of Removal. Nevertheless, only Kaz, Incorporated, filed a Consent to Removal, and Rite Aid did not explain in its Notice of Removal the absence of consent by Defendants Kaz, Inc., and Kaz USA, Inc.

Defendants, however, contend Kaz, Inc., and Kaz USA, Inc., are only nominal Defendants, and, therefore, the unanimity rule does not apply.

The Ninth Circuit has held when "fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frieze, Inc,* 167 F.3d at 1266. When a notice of removal is facially defective in this manner, the Ninth Circuit has concluded removal is improper. *Id*. at 1267. As this Court explained in *Riggs*,

> the requirement for the affirmative explanation of the absence of co-defendants in the notice of removal is based on section 1446(a), governing procedures for removal generally. . . . [It] is based on what the removing party must allege in the petition under section 1446(a) and does not depend on the basis of the removal or who must join in the removal.
>
> The requirement applies to all co-defendants, even those who are exempted from joinder because they were not served or were fraudulently joined.

8 - OPINION AND ORDER

233 F. Supp. 2d at 1268.

The Court, therefore, concludes the Notice of Removal filed by Rite Aid is defective because Rite Aid failed to explain affirmatively the absence of consent of all Defendants.

### III. Consent to removal was untimely.

Plaintiff does not dispute Rite Aid filed a timely Notice of Removal.  Plaintiff asserts, however, that the remaining Defendants did not consent to removal within the 30 days required by § 1446(b).

As noted, a notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b).  In actions in which there is more than one defendant, all defendants must consent to removal within the period set out in § 1446(b).  *Embury*, 361 F.3d at n.1. Here Plaintiff served Defendants Rite Aid and Kaz, Incorporated, with the summons and complaint on January 29, 2008.  Kaz, Incorporated, did not file its Consent to Removal until February 29, 2008, which is thirty-one days after Kaz, Incorporated, was served.[1]  The Court, therefore, concludes all

---

[1] As noted, even though Defendants Kaz, Inc., and Kaz USA, Inc., have not filed any consents to removal, the unanimity rule does not apply to these nominal defendants.

9 - OPINION AND ORDER

Defendants did not consent to removal of this matter within the required period under § 1446(b).

Because the removal statute is strictly construed, any doubt about the right of removal is resolved in favor of remand, and Defendants have not complied with the provisions of § 1446, the Court grants Plaintiff's Motion to Remand.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion to Remand (#15).

IT IS SO ORDERED.

DATED this 12th day of June, 2008.

/s/ Michael W. Mosman for

_____
ANNA J. BROWN
United States District Judge

10 - OPINION AND ORDER